IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED-ED4
2004 NOV 16 PM 3:41
CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| MICHAEL ORTIZ and, SHANNON GUZMAN | ) | JUDGE GRADY |
| Plaintiffs, | ) | 04C 7423 |
| v. | ) | MAGISTRATE JUDGE KEYS |
| CITY OF CHICAGO and AS-YET UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| Defendants. | ) | Jury Trial Demanded |

## COMPLAINT

Plaintiffs, MICHAEL ORTIZ and SHANNON GUZMAN, by their attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF CHICAGO, and AS-YET UNKNOWN CHICAGO POLICE OFFICERS ("Defendant Officers"), as follows:

### Introduction

1. This action is brought under 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.




### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

**Background**

4. This case arises from the retaliation of Defendant Officers against May Molina and her family. That retaliation, ultimately led to the death of May Molina. On May 26, 2004, May Molina died in the custody of Defendant City of Chicago. Before her death, Ms. Molina was a vocal and well-known community and political activist. Specifically, she was a frequent and vocal critic of the civil rights violations caused by the Chicago Police Department. For years, Ms. Molina publicly participate in protests, demonstrations and campaigns to support constitutional liberties under both the United States and Illinois constitutions.

5. May Molina's children, including Plaintiff Michael Ortiz, worked with her as community activists to support the rights of criminal suspects and defendants in police custody.

6. The political activism of Ms. Molina and her family was well known to various members of the Chicago Police Department. To retaliate against Ms. Molina and her children for their activism, Defendants committed the following actions that ultimately led to May Molina's death, for which the Administrator of her estate plans to file another lawsuit pending further investigation.

7. On May 24, 2004, without lawful authority, Defendant officers raided the building where May Molina and her son, Michael Ortiz, lived at 3526 N. Halsted, Chicago, Illinois. They did so without lawful authority.

8. Defendant Officers searched Ms. Molina's first floor apartment and Mr.

Ortiz's 2nd floor apartment at 3526 N. Halsted, Chicago, Illinois. Defendant Officers proceeded to ransack both Ms. Molina's and Mr. Ortiz's residences by overturning furniture, breaking personal belongings, and throwing personal property.

9. Defendant officers arrested May Molina and Michael Ortiz under suspicious circumstances, alleging that they possessed illegal drugs.

**Michael Ortiz**

10. Michael Ortiz had no illegal contraband in his apartment. Nevertheless, Defendant Officers falsely claimed Mr. Ortiz had drugs in his apartment and arrested him, charging him with possession of heroin or cocaine. Defendant Officers also accused Mr. Ortiz of having C-4 plastic explosives, which was really a compound used for drywall installation.

11. All charges against Mr. Ortiz were dropped after Defendants were forced to admit that no illegal substances were recovered.

12. Even after it was determined that Mr. Ortiz had committed no crime, Defendants continued to detain him, thereby causing him to miss the funeral of his mother.

13. As a result of the illegal detention and false arrest by Defendant Officers, Mr. Ortiz suffered emotional damages.

**Shannon Guzman**

14. Shannon Guzman is Michael Ortiz's domestic partner. She was with May Molina when Defendant Officers entered Ms. Molina's residence on May 24, 2004.

15. Ms. Guzman was in the same room with May Molina when Defendant Officers forced their way into Ms. Molina's residence.

16. Ms. Guzman and May Molina were immediately detained by Defendant Officers after they entered the apartment whereupon they were taken to the front room and handcuffed.

17. When Ms. Guzman was taken to the front room, her purse, which was in the kitchen during the search contained over $390 from her job as a taxi driver, remained in another room where Defendant Officers were searching.

18. After being detained in the front room, Defendant Officers told her that she could go because she did not live there. Ms. Guzman asked for her purse to be returned to her because it had her keys and driver's license.

19. When Ms. Guzman asked for her purse, an unknown Defendant Officer cursed at her and told her to leave or else the officers would find a reason to arrest her. The officer told Ms. Guzman that her purse was likely buried and could not be found, even though the officers had possessed the purse previously.

20. Ms. Guzman retrieved her purse later in the evening after the police left, but all of her money was gone. In addition, Ms. Guzman had approximately $2,000 at Ms. Molina's apartment that Ms. Guzman saved to rent a new apartment. That money was also missing after Defendants Officers searched the house.

**Count I – 42 U.S.C. § 1983**
**False Arrest/Unlawful Detention**

21. Plaintiffs reallege all paragraphs of this Complaint as if fully stated herein.

22. As described above, Defendant Officers falsely arrested and unlawfully detained Michael Ortiz without justification and without probable cause.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. The misconduct described in this Count was undertaken under the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of misconduct can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in misconduct;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row, the Office of Professional Standards

("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

25. As a result of the above-described wrongful infringement of Michael Ortiz's rights, he suffered damages, including but not limited to mental distress and anguish.

**Count II – 42 U.S.C. § 1983**
**First Amendment Retaliation**

26 Plaintiffs reallege all paragraphs of this Complaint as if fully stated herein.

27 The First Amendment to the United States Constitution guarantees Plaintiffs' rights to speak out on matters of public concern without fear of unjust retaliation.

28 As more fully stated in the preceding paragraphs, Plaintiffs engaged in protected speech on matters of public concern – publicly opposing the violation of civil rights by the Chicago Police Department. In retaliation for their exercise of protected speech, Defendant Officers retaliated against Plaintiffs in the manner described in the preceding paragraphs.

29 The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

30 As a result of the Defendant Officers' unconstitutional conduct, Plaintiffs suffered, financial loss, pain and injury, as well as emotional distress.

31 The misconduct described in this Count was undertaken under the policy and practice of the Chicago Police Department in the manner described above.

**COUNT III – 42 U.S.C. § 1983**
**Unreasonable Search and Seizure**

32 Plaintiffs reallege all paragraphs of this Complaint as if fully stated herein.

33 As described more fully above, Defendant Officers conducted an unconstitutional search and seizure.

34 More specifically, the Defendant Officers had neither a warrant (on information and belief) nor consent to search the home, and continued an extended and unreasonable search of the home for no purpose and with no lawful justification.

35 Furthermore, neither the extended stay within the home nor the actions of the Defendant Officers within the home were lawfully justified by the circumstances confronting the officers.

36 As a result of the violation of their constitutional rights described above, Plaintiffs suffered damages, including but not limited to financial loss and emotional distress.

37 The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

38 The misconduct described in this Count was undertaken under the policy

and practice of the Chicago Police Department in the manner described above.

**Count IV – 42 U.S.C. § 1983**
**Due Process**

39 Plaintiffs reallege the foregoing paragraphs as if fully stated herein.

40 As described above, Defendant Officers deprived Plaintiff of her property.

41 Defendant Officers' deprivation of Shannon Guzman's property was done under color of law.

42 Defendant Officers' deprivation of Shannon Guzman's property occurred "without due process of law."

43 The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

44 The misconduct described in this Count was undertaken under the policy and practice of the Chicago Police Department in the manner described above.

45 As a result of the above-described wrongful infringement of Plaintiffs' rights, Plaintiffs suffered damages, including but not limited to mental distress and anguish.

**Count V – State Law Claim**
**False Imprisonment**

46 Plaintiffs reallege all paragraphs of this Complaint as if fully stated herein.

47 Plaintiff Michael Ortiz was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

48 Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Michael Ortiz's rights.

49 As a result of the above-described wrongful infringement of Michael Ortiz's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

50 The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**Count VI -- State Law Claim**
**Malicious Prosecution**

51 Plaintiffs reallege all paragraphs of this Complaint as if fully stated herein.

52 Plaintiff Michael Ortiz was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Michael Ortiz's favor in a manner indicative of innocence.

53 Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

54 Statements of the Defendant Officers regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

55 The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

56 As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

57 The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**Count VII – State Law Claim**
**Illinois Civil Rights Act – 740 ILCS § 23/5(c)(2)**

58 Plaintiffs reallege all paragraphs of this Complaint as if fully stated herein.

59 The misconduct described above is a violation of Plaintiffs' rights as secured by the Illinois Constitution.

60 Specifically, by falsely arresting Michael Ortiz, Plaintiff, taking Shannon Guzman's money, and retaliating against both of them for exercising their right to freedom of speech, and detaining them without probable cause, Defendants violated Plaintiffs' inherent and inalienable rights to life, liberty and the pursuit of happiness under Article I, Section 1 of the Illinois Constitution.

61 Moreover, by retaliating against Plaintiffs for exercising their right to freedom of speech, Defendants violated their right to speak, write and publish freely under Article I, Section 4 of the Illinois Constitution.

62 In addition, by retaliating against Plaintiffs for exercising their right to freedom of speech, Defendant Officers violated their right to apply for redress of grievances under Article I, Section 5 of the Illinois Constitution.

63 Furthermore, by falsely arresting and unlawfully detaining Michael Ortiz, seizing Shannon Guzman's money, and retaliating against them for exercising their rights to freedom of speech, Defendants violated Plaintiffs' rights to be secure in their person against unreasonable searches, seizures, and invasions of privacy under Article I, Section 6 of the Illinois Constitution.

64 The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others

65 As a result of these deprivations of Plaintiffs' rights as secured by the Illinois Constitution, they suffered damages, including but not limited to attorneys' fees and costs, for which the Defendant Officers are liable.

66 The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**Count VIII – State Law Claim**
**Trespass**

67. Plaintiffs restate each Paragraph of this Complaint as if fully stated herein.

68. In the manner described more fully above, Defendants knowingly and

intentionally intruded upon Plaintiff Michael Ortiz's premises, in which he had a possessory interest.

69. As a result of the Defendants' unjustified and unlawful trespass, Plaintiff suffered injury, including emotional distress.

**Count IX – State Law Claim**
**Conversion**

70 Plaintiffs reallege all paragraphs of this Complaint as if fully stated herein.

71 As described above, Defendant Officers unlawfully intended to exercise dominion or control over Plaintiff Shannon Guzman's property.

72 The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

73 As a result of Defendant Officers' misconduct described in this count, Plaintiff suffered damages, including but not limited to the lost property, attorneys' fees and costs, for which the Defendant Officers are liable.

74 The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**Count X – State Law Claim**
***Respondeat Superior***

75 Plaintiffs reallege all paragraphs of this Complaint as if fully stated herein.

76 In committing the acts alleged in the preceding paragraphs, Defendant Unknown Chicago Police Officers were members of, and agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment.

77 Defendant City of Chicago is liable as the principal for all torts committed by its agents.

**Count XI – State Law Claim**
**Indemnification**

78 Plaintiffs reallege all paragraphs of this Complaint as if fully stated herein.

79 In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

80 Defendant Unknown Chicago Police Officers are or were employees of the City of Chicago, and acted within the scope of their employment in committing the misconduct described herein.

**Request for Relief**

Plaintiffs, MICHAEL ORTIZ and SHANNON GUZMAN, respectfully requests that the Court:

A. enter judgment in his favor and against Defendants, CITY OF CHICAGO and UNKNOWN POLICE OFFICERS;

B. award compensatory damages against Defendants, CITY OF CHICAGO and UNKNOWN POLICE OFFICERS;

C. award attorneys' fees against Defendants, CITY OF CHICAGO and UNKNOWN POLICE OFFICERS;

D. award punitive damages against UNKNOWN POLICE OFFICERS in their individual capacities; and

E. grant any other relief this Court deems just and appropriate.

**Jury Demand**

Plaintiffs, MICHAEL ORTIZ and SHANNON GUZMAN, demand a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Mark Reyes
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): Michael Ortiz and Shannon Guzman**

County of Residence: Cook

Plaintiff's Atty: Loevy & Loevy
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900

**Defendant(s): City of Chicago and as-yet Unknown Chicago Police Officers**

County of Residence:

Defendant's Atty:

JUDGE GRADY

**04C 7423**

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

**MAGISTRATE JUDGE KEYS**

III. Citizenship of Principal Parties
**(Diversity Cases Only)**

Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **440 Other Civil Rights**

VI. Cause of Action: **42 U.S.C. Section 1983**

VII. Requested in Complaint
Class Action:
Dollar Demand:
Jury Demand: **Yes**

DOCKETED NOV 17 2004

VIII. This case IS NOT a refiling of a previously dismissed case.

Signature:

Date: 11/16/04

FILED-ED4 2004 NOV 16 PM 3:41 CLERK U.S. DISTRICT COURT

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

In the Matter of

Michael Ortiz and Shannon Guzman
v.
City of Chicago and as-yet Unknown Chicago Police Officers

JUDGE GRADY

Case Number: 04C 7423

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MAGISTRATE JUDGE KEYS

Plaintiffs, Michael Ortiz and Shannon Guzman

| (A) | (B) |
|---|---|
| SIGNATURE [signature] | SIGNATURE [signature] |
| NAME Arthur Loevy | NAME Jon Loevy |
| FIRM Loevy & Loevy | FIRM Same |
| STREET ADDRESS 312 N. May St., Suite 100 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60607 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 243-5900 / FAX NUMBER (312) 243-5902 | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 1682479 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 02618254 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☑ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE [signature] | SIGNATURE [signature] |
| NAME Mark Reyes | NAME Mike Kanovitz |
| FIRM Same | FIRM Same |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6275233 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☑ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☑ | TRIAL ATTORNEY? YES ☑ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

DOCKETED NOV 17 2004

FILED-ED4 2004 NOV 16 PM 3:4 CLERK U.S. DISTRICT COURT