IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ORTIZ, SHANNON GUZMAN, and APRIL ORTIZ, on her own behalf and as Administrator for THE ESTATE OF MAY MOLINA, Deceased, | ) ) ) ) ) ) | 04 C 7423 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Grady |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS T. GAYNOR, R. BAEZA, N. ISAKSON, G. ESPINOSA, S. NASSER, DEJESUS, LT. STATSCH, and AS-YET UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Trial Demanded |

## MOTION TO LIFT DISCOVERY STAY

Plaintiffs, MICHAEL ORTIZ SHANNON GUZMAN, and APRIL ORTIZ through their attorneys, LOEVY & LOEVY, ask this Court to lift the discovery stay it ordered in this case. In support thereof, Plaintiffs state as follows:

1. On November 16, 2004, Plaintiffs filed their Complaint stating a cause of action under 42 U.S.C. Section 1983 against Defendants, City of Chicago and Unknown Chicago Police Officers.

2. Plaintiffs alleged that the City of Chicago and various Unknown Chicago Police Officers violated their rights under the United States Constitution and Illinois state law by executing an illegal search of the apartment of Ms. Molina, falsely arresting and imprisoning Plaintiff Ortiz, and illegally taking money from Plaintiff Guzman.

3. On February 23, 2005, Plaintiffs filed an amended complaint adding additional

Defendants and claims related to the death of May Molina, while in the custody of the Chicago Police Department.

4. On June 1, 2005, this Court granted Defendants' Joint Motion to Stay Discovery.

5. Defendants asked to stay discovery based on their position that the medical evidence precluded Plaintiff's claim with respect to the death of May Molina.

6. Since that time, Plaintiff has obtained the report of an expert pathologist that supports that Plaintiff retains a viable deliberate indifference claim related to May Molina.

7. Regardless of the medical evidence related to May Molina, Plaintiff's April Ortiz, Michael Ortiz and Guzman maintain claims wholly independent of the medical claims; therefore, this case should proceed to discovery.

8. Plaintiffs will be severely prejudiced by any further delay in discovery since they need discovery to ensure that all proper parties are added as defendants here before the running of any applicable statute of limitations periods.

WHEREFORE, Plaintiffs MICHAEL ORTIZ, SHANNON GUZMAN, and APRIL ORTIZ respectively request that this Court lift the discovery stay that was entered on June 1, 2005.

S/Mark Reyes
Attorneys for Plaintiff
Jon Loevy
Arthur Loevy
Mark Reyes
ARDC No. 06209841
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
loevyreyes@aol.com

**CERTIFICATE OF SERVICE**

      I, Mark Reyes, an attorney, certify that on October 22, 2005, I served this document by ECF electronic filing as to each party who is represented by counsel who uses electronic filing.

                                                  S/Mark Reyes
                                                  Attorneys for Plaintiff
                                                  Jon Loevy
                                                  Arthur Loevy
                                                  Mark Reyes
                                                  ARDC No. 06209841
                                                  LOEVY & LOEVY
                                                  312 North May Street
                                                  Suite 100
                                                  Chicago, IL 60607
                                                  (312) 243-5900
                                                  (312) 243-5902 (fax)
                                                  loevyreyes@aol.com