IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ORTIZ, *et al.* | ) | |
| | ) | 04 C 7423 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge Grady |
| | ) | |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

## PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE

Plaintiffs, through their attorneys, LOEVY & LOEVY, ask this Court to issue a rule to show cause as to why Defendants should not be found in contempt of this Court for violating its orders. In support of this motion, Plaintiffs state as follows:

### Introduction

Plaintiffs ask this Court to sanction Defendants for flouting this Court's order compelling them to produce six deponents for deposition. Plaintiffs bring this motion now after Defendants again failed to deliver on their false promises to produce for depositions various witnesses that this Court has ordered them to produce.

As a sanction for their contemptuous conduct, Plaintiffs ask this Court to bar Defendants from claiming that: (1) May Molina did not exhibit signs and symptoms of an objectively serious medical condition that required treatment before she died; and (2) May Molina did not ask for medical treatment before she died. The reason for this sanction is that Defendants, by ignoring this Court's order, have prevented Plaintiffs from taking discovery on these very issues.

As this Court is aware, this case primarily involves claims that Defendants were deliberately indifferent to the objectively serious medical condition of May Molina. This Court has limited Plaintiffs' discovery to those issues surrounding May Molina's death. By refusing to produce six witnesses who either saw May Molina before she died or who were in positions of authority in the police station when and where she died, Defendants have frustrated Plaintiffs ability to discover the extent of Molina's medical condition and whether she specifically requested medical care. Indeed, Defendants' refusal to produce these six individuals even after multiple court orders leads to the inescapable conclusion that they are intentionally hiding evidence that is harmful to them, so the requested sanction is more than reasonable.

**Background**

1. On November 16, 2004, Plaintiffs filed their initial Complaint stating causes of action under 42 U.S.C. Section 1983 that included a deliberate indifference claim against Defendants concerning May Molina's objectively serious medical condition that ultimately led to her death in police custody.

2. On February 15, 2006, this Court granted Plaintiffs' motion to lift a discovery stay that had been in place since early in this case. This Court allowed Plaintiffs to pursue discovery only on the medical issues surrounding May Molina's death. Plaintiffs promptly proceeded to pursue discovery on those medical issues.

3. Early discovery (from non-police personnel) revealed several key facts

2

about May Molina's death. First, Ms. Molina's criminal lawyer, Jerry Bischoff, visited her in the Chicago Police Department's lock-up and observed that Ms. Molina looked very sickly. Second, Mr. Bischoff told at least two officers that Ms. Molina was ill and needed to be taken to a hospital. Third, at least one officer admitted that she knew that Ms. Molina was ill. Finally, before any officer would take her for medical attention, Ms. Molina died from either opium intoxication or a diabetic coma. Either condition would have put Defendants on notice that she was severely ill.

4. For months, Plaintiffs have sought to depose all witnesses who either saw or were responsible for May Molina's medical needs before she died. Those efforts lasted months and included multiple notices, letters asking for dates, and a willingness to take the depositions at any date and time, are well documented in Plaintiffs' Second and Third Motions to Compel, so Plaintiffs will summarize their efforts below without attaching the same documents previously provided this Court.

5. On February 16, 2006 (the day after the stay was lifted), Plaintiffs sent a deposition notice to depose Defendant Nichols, among others. She did not appear.

6. On May 15, 2006, Plaintiffs sent Defendants a letter asking for deposition dates for all remaining lock-up keepers who were with May Molina the hours before she died.

7. After receiving no response to Plaintiffs' request, on June 6, 2006, Plaintiffs

3

sent another notice of deposition (and a letter indicating flexibility in the deposition dates) to depose Debra Holmes, J. Nelson, and M. Ramirez, among others. They did not appear for the depositions.

8. On June 22, 2006, Plaintiffs sent Defendants a Notice of Deposition to depose Daniel Dugan, the highest ranking police department official to weigh in on the knowledge of police department personnel about Molina's medical condition. He did not appear for his scheduled deposition.

9. On July 18, 2006, Plaintiffs again noticed for depositions the lock up keepers, including Nichols, Nelson, Holmes, and Ramirez. None of them showed up.

10. On August 31, 2006, Plaintiffs again asked for Defendants to provide deposition dates for the outstanding deponents.

11. On September 8, 2006, Plaintiffs again noticed for deposition all of the above deponents who had not been produced for depositions as well as newly added Defendant McKenna, who inspected the lock-up (and were ultimately responsible for the care of the women detained in the lock-up) on the day that May Molina died. McKenna never appeared, nor did Defendants provide any contact information to find him as required under FRCP 26(a)(1).

12. Despite repeated discovery extensions at Defendants' urging and an express court order, Defendants have failed to produce the following witnesses/Defendants for depositions: (1) E. Nichols; (2) Daniel Dugan; (3) Debra Holmes; (4) J. Nelson; (5) M. Ramirez; and (6) McKenna. Five of those six deponents are defendants and Defendants'

counsel has appeared on behalf of four of them (Nichols, Nelson, Ramirez, and Holmes). For months, Defendants have ignored Plaintiff's attempts to take these six depositions. Their failure to produce these deponents is inexcusable.

## Court Intervention

13. On October 4, 2006, this Court heard Plaintiffs' Second Motion to Compel these depositions. Defendants advised that they were not given a sufficient chance to work out the discovery. Therefore, this Court entered and continued Plaintiffs' Motion for October 11, 2006.

14. After that hearing, Plaintiffs' counsel advised Defendants that they were available to depose any of the above witnesses at any time.

15. Rather than compel the depositions, on October 11, 2006, this Court extended medical discovery to October 31, 2006.

16. Because there were several outstanding deponents (including the six identified above) who were not produced for depositions before the extended discovery cut-off, Plaintiff had to file his Third Motion to Compel on November 3, 2006.

17. On November 22, 2006, this Court granted Plaintiff's motion and ordered Defendants to produce nine outstanding deponents, including the six identified above, and extended the discovery cutoff (and the deadline for Plaintiffs' supplemental expert report) to December 29, 2006. Plaintiff submitted his expert report on time, but was forced to do so without information from the six deponents Defendants did not produce.

18. The December 29, 2006 medical discovery deadline was the third deadline

5

since September 2006 that came and went without Defendants fulfilling their discovery obligations.

## Defendants' Intransigence in the Face of this Court's Order

19. Even after this Court's order of November 22, 2006 (after repeated extensions granted to Defendants in the face of their failure to produce discovery), Defendants failed to comply with their obligations.

20. On November 28, 2006, Plaintiff sent a letter and notice of deposition to Defendants to schedule all of the depositions ordered by this Court. See Exhibits A and B. In that letter, Plaintiff made clear that if the dates for the depositions did not work for Defendants, Plaintiff could take the depositions at alternate times.

21. Defendants did not produce any of the deponents for the scheduled depositions, nor contact Plaintiff with alternate dates for the depositions.

22. Therefore, on December 9, 2006, Plaintiff sent another letter to Defendants demanding that the court-ordered depositions be scheduled. See Exhibit C.

23. On December 13, 2006, Plaintiff sent a letter confirming an exchange of voice mail messages that Defendants would produce all outstanding deponents during the afternoons of December 20 and 21, 2006. See Exhibit D. Defendants also confirmed that schedule in writing. See Exhibit E.

24. Despite the agreement that all nine deponents would be produced,

Defendants produced only three on December 20, 2006 and none on December 21, 2006. Plaintiff had hired a court reporter for December 21, 2006 based on Defendants' representation that deponents would be produced.

25. Defendants then agreed to produce the remaining deponents on December 27, 2006, but no one showed up for the depositions even though Plaintiff arranged yet again for a court reporter for the depositions.

## The Importance of the Depositions

26. When this Court ordered the production of the six witnesses on November 22, 2006, it was after argument about the importance of the witnesses.

27. Debra Holmes was the supervising acting desk sergeant on duty when May Molina first arrived at the police station and when she died. Log books show that she inspected the lock-up in the hours before May Molina died and she should have been the supervisor notified of Molina's serious medical condition.

28. E. Nichols and J. Nelson were lock-up keepers and Chicago Police Department documents identify them as witnesses to May Molina's death.

29. Daniel Dugan is a deputy chief, the highest ranking officer who made any findings regarding the death investigation of May Molina.

30. Patrick McKenna was working as the desk sergeant when Molina's paperwork would have been submitted there. That paperwork indicated that Molina had serious medical conditions – diabetes and a thyroid condition. Ramirez was a police officer who was working with McKenna right after Molina arrived at the police station.

7

31. These witnesses who Defendants are hiding are important for Plaintiff to discover the physical condition of Molina before she died and the knowledge that was conveyed to decision-makers about her medical condition. The fact that Defendants do not want to produce these parties and witnesses suggests that they know something about those issues. Plaintiff's inability to depose them before the close of fact discovery has prevented Plaintiff from fully discovering the facts related to the possible defenses that: (1) Molina did not appear to be ill; and (2) that the information she provided did not require taking her to the hospital.

WHEREFORE, Plaintiffs ask this Court to issue a rule to show cause as to why Defendants should not be held in contempt of this Court's November 22, 2006 order and sanctioned by:

A. Barring Defendants from presenting any defense that May Molina did not exhibit signs and symptoms of an objectively serious medical condition that required treatment before she died;

B. Barring Defendants from presenting any defense that May Molina did not ask for medical treatment before she died;

C. Ordering Defendants to pay for all costs incurred by Plaintiff for the depositions that Defendants agreed to convene but did not;

D. Such other order that this Court deems just.

<u>S/Mark Reyes</u>
Attorneys for Plaintiff

Jon Loevy
Arthur Loevy
Mark Reyes
ARDC No. 06209841
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
loevyreyes@aol.com

## CERTIFICATE OF SERVICE

I, Mark Reyes, an attorney, certify that on January 5, 2007, I filed this document by ECF electronic filing as to each party who is represented by counsel who uses electronic filing.


S/Mark Reyes

# LOEVY & LOEVY
## ATTORNEYS AT LAW

Arthur Loevy
Jon Loevy
Michael Kanovitz
Jon Rosenblatt
Amanda Antholt

312 N. May Street
Suite 100
Chicago, Illinois 60607

Danielle Loevy
Kurt Feuer
Russell Ainsworth
Mark Loevy-Reyes
Samantha Liskow

Telephone 312.243.5900
Facsimile 312.243.5902

Website: www.loevy.com
Email: loevylaw@loevy.com

November 28, 2006

*By fax to: (312) 744-6912*
Sara Ellis
City of Chicago, Law Department
30 North LaSalle St., Suite 1600
Chicago, IL 60602

*By fax to: (312) 744-6566*
Jonathon Clark Green
City of Chicago, Law Department
30 North LaSalle St., Suite 1400
Chicago, IL 60602

Re: *Michael Ortiz et al. v. City of Chicago et al.*

Dear Counsel:

Attached is a notice of deposition for the deponents ordered by the court to be produced. Given that medical discovery is to close by December 29, 2006, I need these deponents produced before December 15, 2006. If the dates on the notice are not workable for you, please provide any alternate date before December 15, 2006. If any deponent is not produced before December 15, 2006, I will have to pursue a motion to compel.

Similarly, if the documents ordered to be produced by Judge Grady are not produced before December 6, 2006 (the date ordered by the court). I will have to bring the matter to the court's attention.

Please let me know if you have any questions. Thank you for your help.

Sincerely,

Mark Loevy-Reyes

Attachment

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| APRIL ORTIZ, on her own behalf and as administrator of the ESTATE OF MAY MOLINA, et al, Plaintiffs, | ) ) ) ) ) | 04 C 7423 |
| v. | ) ) | Judge Grady |
| CITY OF CHICAGO, ANTHONY BLAKE, JOHN CLEGGETT, RICHARD GRIFFIN and TIFFANY WALKER Defendants. | ) ) ) ) ) | Jury Trial Demanded |

**NOTICE OF DEPOSITION**

TO:  Sara Ellis                     Jonathan Clark Green
     30 N. LaSalle Street, #1600    30 N. LaSalle Street, #1400
     Chicago, Illinois 60602        Chicago, IL 60602

PLEASE TAKE NOTICE THAT the discovery depositions of the following individuals will be taken before a Notary Public in and for the County of Cook and State of Illinois on the following dates, all at 312 North May, Suite 100, Chicago, Illinois, at which time and place you may appear if you so desire. As to counsel of record for each Deponent, this is a demand upon you to produce each Deponent at the time and place stated below:

| Name | Date | Time |
|---|---|---|
| Patrick McKenna | December 6, 2006 | 1:00 p.m. |
| Vincent DiFranco | December 6, 2006 | 2:00 p.m. |
| E. Nichols | December 7, 2006 | 10:00 a.m. |
| Debra Holmes | December 7, 2006 | 12:00 p.m. |
| J. Nelson | December 7, 2006 | 2:00 p.m. |
| M. Ramirez | December 7, 2006 | 4:00 p.m. |
| Krista Simos | December 8, 2006 | 10:00 a.m. |
| Daniel F. Dugan | December 8, 2006 | 12:00 p.m. |
| Joseph Giorango | December 8, 2006 | 2:00 p.m. |
| Jose Torres | December 8, 2006 | 4:00 p.m. |



EXHIBIT B

Arthur Loevy
Jon Loevy
Mark Reyes
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

    I, Mark Reyes, an attorney, certify that on November 28, 2006, I delivered by facsimile a copy of the attached Notice of Depositions to counsel of record.

# LOEVY & LOEVY
### ATTORNEYS AT LAW

Arthur Loevy
Jon Loevy
Michael Kanovitz
Jon Rosenblatt
Amanda Antholt

Telephone 312.243.5900
Facsimile 312.243.5902

312 N. May Street
Suite 100
Chicago, Illinois 60607

Danielle Loevy
Kurt Feuer
Russell Ainsworth
Mark Loevy-Reyes
Samantha Liskow

Website: www.loevy.com
Email  loevylaw@loevy.com

December 9, 2006

*By fax to: (312) 744-6912*
Sara Ellis
City of Chicago, Law Department
30 North LaSalle St., Suite 1600
Chicago, IL 60602

*By fax to: (312) 744-6566*
Jonathon Clark Green
City of Chicago, Law Department
30 North LaSalle St., Suite 1400
Chicago, IL 60602

*Re: Michael Ortiz et al. v. City of Chicago et al.*

Dear Counsel:

    Judge Grady ordered all outstanding documents to be produced before December 6, 2006, which did not happen. Moreover, you have failed to produce any of the nine deponents that Judge Grady ordered to be produced. Unless, before December 12, 2006, I receive firm deposition dates for the nine deponents to be deposed before December 22, 2006 and all of the outstanding documents, I will file a petition for a rule to show cause seeking all outstanding discovery and any appropriate sanction for failing to comply with Judge Grady's multiple orders on the subject.

Sincerely,

Mark Loevy-Reyes

**EXHIBIT C**

# LOEVY & LOEVY
## ATTORNEYS AT LAW

Arthur Loevy
Jon Loevy
Michael Kanovitz
Jon Rosenblatt
Amanda Antholt

312 N. May Street
Suite 100
Chicago, Illinois 60607

Danielle Loevy
Kurt Feuer
Russell Ainsworth
Mark Loevy-Reyes
Samantha Liskow

Telephone 312.243.5900
Facsimile 312.243.5902

Website: www.loevy.com
Email: loevylaw@loevy.com

---

December 13, 2006

*By fax to: (312) 744-6912*
Sara Ellis
City of Chicago, Law Department
30 North LaSalle St., Suite 1600
Chicago, IL 60602

*By fax to: (312) 744-6566*
Jonathon Clark Green
City of Chicago, Law Department
30 North LaSalle St., Suite 1400
Chicago, IL 60602

Re: *Michael Ortiz et al. v. City of Chicago et al.*

Dear Counsel:

    I have confirmed by voice mail with Jonathon, our agreement to his suggestion that the remaining nine deponents be deposed on December 20 and 21, 2006. If any of the deponents ordered to be produced by Judge Grady and the documents ordered to be produced are not produced at or before those agreed upon dates, Plaintiff will file a motion for a rule to show cause why Defendants should not be held in contempt for failing to comply with the court's order. Thank you for your anticipated compliance with Judge Grady's order.

Sincerely,

Mark Loevy-Reyes

EXHIBIT D



December 15, 2006

**City of Chicago**
Richard M. Daley, Mayor

Department of Law

Mara S. Georges
Corporation Counsel

Mark Loevy-Reyes
Loevy & Loevy
312 N May St., Suite 100
Chicago, IL 60607

Re: <u>Ortiz, et al. v. City of Chicago, et al.</u>, 04 C 7423

**<u>VIA FACSIMILE TRANSMISSION AND U.S. MAIL</u>**

Dear Mr. Reyes:

Once again, I recently had to take the initiative, via voicemail with your office, to reserve two afternoons for the nine outstanding deponents that you have requested in this matter and that Judge Grady has allowed you to depose for a limited basis. Those two afternoons are December 20 and 21, 2006, starting at 12:00 noon at your office. I do not understand why we later received your abrupt letter dated December 9, 2006, demanding that the outstanding depositions be completed by December 22, 2006, inferring somehow that we have been uncooperative, when Judge Grady has granted us to December 29, 2006, to complete discovery on cause of death, and we had already taken such initiative with your office.

Furthermore, I understand that your office has finally subpoenaed the Illinois State Crime Lab results that you were previously seeking, which I assume you should receive shortly.

Finally, as we discussed on the telephone this afternoon, I have scheduled the following people for the 20th and 21st of December, barring any unforeseen difficulties due to the Holidays or otherwise:

<u>December 20, 2006, at 12:00 noon, at 312 N. May:</u>

Joseph Giorango
Vincent DeFranco
Debra Holmes
Jose Torres

<u>December 21, 2006, at 12:00 noon, at 312 N. May:</u>

Elpercy Nichols
Jeff Nelson
Maja Ramirez
Defendant McKenna (if located and represented)





EXHIBIT
E



City of Chicago
Richard M. Daley, Mayor

Department of Law

Mara S. Georges
Corporation Counsel

Letter to Mark Loevy-Reyes, in Ortiz v. City of Chicago, et al., 04 C 7423, dated December 15, 2006, p.2.

As we also discussed, Defendant McKenna is presently retired, and we are still attempting to locate him for representation. In addition, the non-defendant you requested, former OPS Investigator #264, Krista Simos, has left OPS, and we are also trying to locate her. As soon as we know more, I will contact you.

If you have any questions, please contact me at my office.

Sincerely,

Jonathan Clark Green
Assistant Corporation Counsel
(312) 744-0226

cc:   Sara Ellis



