IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ORTIZ, SHANNON GUZMAN, and APRIL ORTIZ, on her own behalf and as Administrator for the ESTATE OF MAY MOLINA, Deceased, | ) ) ) ) ) | |
| | ) | NO. 04 C 7423 |
| Plaintiffs, | ) ) | HON. JOHN F. GRADY |
| v. | ) ) | Judge Presiding |
| CITY OF CHICAGO, THOMAS GAYNOR, RAUL BAEZA, JR., NARI ISAKSON, GILBERTO ESPINOSA, STEPHEN NASSER, JOSE M. DEJESUS, ROBERT STASCH, et al. | ) ) ) ) ) ) ) | MAGISTRATE JUDGE KEYS |
| Defendants. | ) | |

**DEFENDANTS' MOTION
FOR EXTENSION OF TIME FOR DISCOVERY RESPONSES
AND FOR RESPONSES TO REQUESTS TO ADMIT,
AND FOR CLARIFICATION**

Defendants THOMAS GAYNOR, RAUL BAEZA, JR., NARI ISAKSON, GILBERTO ESPINOSA, STEPHEN NASSER, JOSE M. DEJESUS, ROBERT STASCH, ARTHURINE PRYOR, THOMAS BECKER, DIANE YOST, CAROL CONNOLLY, MARTHA GOMEZ, RICHARD HALJEAN, DEBRA A. HOLMES, AVIS R. JAMISON, TAMARA LEMON, JEFF NELSON, ELPERCY NICHOLS, JR., FABIAN A. SALDANA, NICK SPENCER, MAJA RAMIREZ, BEVERLY S. GILCHRIST, VINCENT DEFRANCO, JOSEPH N. GIORANGO, JOSE TORRES, WILLIAM G. WALLACE and CATHERINE ZIEMBA ("Defendants")[1], by one of their attorneys, Jonathan Clark Green, Assistant Corporation Counsel

---

[1] Defendants, those Police Officers having been served in this matter, file this Motion, jointly with the City, solely on their own behalf, and not on behalf of any other named or unnamed defendants.

1

of the City of Chicago, respectfully requests this Honorable Court, to extend for 30 days, up to and including September 17, 2007, the time for Defendants to respond to Plaintiffs' discovery requests and Requests to Admit in this matter pursuant to the guidelines of this Court's rulings of July 18, 2007, and provide further clarification as to the discovery scheduling in this matter, as it deems necessary.

In support of this motion, the undersigned state as follows:

1. I, the undersigned Jonathan Clark Green, am one of the Assistant Corporation Counsel of the City of Chicago assigned to represent the served Individual Defendants in this matter.

2. This case involves, among other matters, claims of false arrest and wrongful death, as well as Monell policy issues, against 28 individual defendants and the City of Chicago. The present amended complaint involves 103 paragraphs of allegations, and nearly 35 to 40 pages of discovery requests and requests to admit have been served in regard to each individual defendant and the City of Chicago.

3. Pending a ruling on a Daubert motion relating to Plaintiff's purported expert in regard to cause of death, this Court has continued its earlier stay for any answers to the latest complaint, as well as all discovery, subject to its recent lifting of the stay for a limited purpose.

4. On July 18, 2007, this Court lifted its stay of discovery in this matter for the limited purpose of allowing Plaintiffs to respond to Defendants' motion for summary judgment, scheduled to be filed on September 12, 2007. The motion for summary judgment is to be for the allegations by Plaintiffs May Molina and Michael Ortiz in regard to their arrest and the related search warrants. Other claims by Plaintiff April Ortiz may also be included. Monell discovery remains stayed, as well as anything in regard to the wrongful death claim. Plaintiff's response to

that motion for summary judgment is due on November 13, 2007 (the presently designated date of November 12, 2007, falls on the federal holiday of Veteran's Day), and the reply is due on December 14, 2007. This Court also stated that some of the limited discovery could proceed in the meantime, prior to the filing of the motion for summary judgment, to save time.

5. Soon after the Court's limited lifting of the stay, Plaintiffs stated that it was their position that the 30-day clock for all previously served discovery, as well as requests to admit (totaling over thirty pages in all covering all 28 defendants and the City of Chicago) automatically began to toll, and that all was due by August 17, 2006. In addition, further interrogatories were served on 7 or 14 defendants (the requests are rather ambiguous, having different names in the title and the request itself), plus a sixth request for production on the City of Chicago. These apparently would be due August 20, 2007. On top of that, Plaintiffs immediately noticed up fourteen (14) depositions to take place between August 27, 2007, and September 19, 2007. (It should be noted that ten (10) depositions have already been taken in this matter.) Subpoenas for documents and one of the new depositions were also served on third parties.

6. For a number of reasons, such a discovery schedule is not practical and unwarranted, especially in light of the spirit of this Court's order of July 18, 2007, allowing only a limited lifting of the stay. First, it is still to be determined what portion of the previously served discovery requests and requests to admit are even relevant to Plaintiff's response to Defendants' upcoming motion for summary judgment. (It will take some time to sift through the voluminous requests.) Second, the motion for summary judgment has yet to be filed, and Plaintiffs still have two full months after that to engage in discovery before they need to file their response. Third, this case involves an incredible amount of defendants, 28 plus the City in all,

each of whom need to individually respond to the various discovery requests, once the relevant portions are determined. Fourth, we are in the middle of the month of August, a time when scheduling client interviews is very difficult due to the vacation season. Fifth, the two principal attorneys involved in this case for the individual attorneys, myself and Thomas Platt, will themselves (ourselves) be on vacation for the week of 13-17 August 2007. Sixth, as was discussed in open Court at the last hearing, Ms. Sara Ellis, attorney for the City in this matter who has been very involved in this case, has left the City, and a new attorney for the City, Ernest Mincy, is being brought up to speed on the case. Finally, even the principal attorney on Plaintiff's side appears to be changing, as well, which may affect deposition scheduling.

7. It is Defendant's position that we will continue to cooperate with Plaintiff's counsel in expediting some of this discovery and some of the depositions prior to the filing of our motion for summary judgment on September 12, 2007. However, to be artificially forced into a complete, overly-extensive and unworkable timeframe under the circumstances to proceed with what is supposed to be limited discovery in this case would be in violation of the spirit of this Court's order of July 18, 2007.

8. Furthermore, due to the ambiguities inherently involved in these unusual circumstances, and to avoid unnecessary litigation in the form of artificially manufactured and repetitive "motions to compel" (which plaintiffs' counsel have already done on numerous occasions in this litigation), Defendants request that this Court clarify the discovery and request to admit scheduling procedures in this matter, as necessary, and to allow Defendants until September 17, 2007, to review, to individually interview its numerous clients, and to respond to the outstanding written discovery now lifted by this Court's order of July 18, 2007. Defendants

will also, in good faith, begin to schedule the fourteen depositions requested by Plaintiffs, in a reasonable manner for all parties involved.

9. This motion is filed in good faith and is not intended for the purpose of delay.

**WHEREFORE**, Defendant respectfully pray that this Honorable Court extend for 30 days, up to and including September 17, 2007, the time for Defendants to respond to Plaintiffs' discovery requests and Requests to Admit in this matter, pursuant to the guidelines of this Court's rulings of July 18, 2007, and provide further clarification as to the discovery scheduling in this matter, as it deems necessary.

Respectfully submitted,

THOMAS GAYNOR, RAUL BAEZA, JR., NARI ISAKSON, GILBERTO ESPINOSA, STEPHEN NASSER, JOSE M. DEJESUS, ROBERT STASCH, ARTHURINE PRYOR, THOMAS BECKER, DIANE YOST, CAROL CONNOLLY, MARTHA GOMEZ, RICHARD HALJEAN, DEBRA A. HOLMES, AVIS R. JAMISON, TAMARA LEMON, JEFF NELSON ELPERCY NICHOLS, JR., FABIAN A. SALDANA, NICK SPENCER, MAJA RAMIREZ, BEVERLY S. GILCHRIST, VINCENT DEFRANCO, JOSEPH N. GIORANGO, JOSE TORRES, WILLIAM G. WALLACE and CATHERINE ZIEMBA

By one of their attorneys,

/s/ Jonathan Clark Green
Jonathan Clark Green
Assistant Corporation Counsel
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-0226
Atty. No. 06193934