IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| APRIL ORTIZ, on her own behalf and as administrator of the ESTATE OF MAY MOLINA, et al., | ) ) ) | 04 C 7423 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Judge Grady |
| CITY OF CHICAGO, et al | ) ) ) | |
| Defendants. | ) | Jury Trial Demanded |

### AFFIDAVIT OF JOYE M. CARTER

I, Joye M. Carter, under penalties of perjury as provided by law, depose and state as follows:

1. I am over 18years of age.

2. I was retained by Plaintiff as an expert

3. Attached is a copy of a report in compliance with federal rules of civil procedure.

4. The attached report contains my facts and opinions based on my review of this case.

5. If called to testify in this matter, I would testify consistently with the facts and opinions in the attached report.

_____
Joye M. Carter



EXHIBIT M

J and M Forensic Consultants
Div. of BiblicalDogsInc.
Joye M. Carter, MD
3598 N. Pennsylvania Street
Indianapolis, IN 46205
O- 317-920-0483
F- 317-920-0486

January 5, 2008

Mark Lovey Reyes
Lovey and Lovey,
Attorneys At Law
312 N. May Street, Suite 100
Chicago, Illinois 60607

Re: May Molina
    Date of death: May 26, 2004

Dear Mr. Lovey Reyes

Thank you for your recent consult request on the above named decedent, Ms. May Molina.

I am a board certified pathologist in private practice currently located in Indianapolis, Indiana. I am certified by the American Board of Pathology in the areas of Anatomical, Clinical and Forensic Pathology. I am experienced in civil and criminal testimony and consult on both defense and plaintiff claims. I am independent of individual hospitals and government institutions. I am licensed to practice medicine in Indiana, Texas, Tennessee, and Virginia. I have over twenty years experience in pathology and case review where a decision must be made as to the cause and manner of death. I currently serve as the Chief Forensic Pathologist to the Coroner of Marion County, Indiana. I have served as Chief Medical Examiner in Washington, DC and Harris County, Texas as well as having been appointed Deputy Chief Medical Examiner for the Armed Forces Medical Examiner Department. I have testified several hundred times and have performed several thousand post mortem examinations.

In this particular case I have received the following for review: All reviewed information was received in email form.

Page 2.

A copy of the Cook County Medical Examiner case report with investigation, autopsy, toxicology, pending and amended death certificates; a copy of the Cook County jail investigation report from the investigation into the death of Ms. Molina; a copy of the deposition given by Atty. Bischoff, medical records for Ms. Molina and a consultation report written by Dr. Howard C. Adelman.

Summary:

Ms. May Molina was a 55 year old woman who died on May 26, 2004. She was in police custody at the time of her demise. She was being held for possession of possible narcotic material based upon a search warrant activated for her home. She was taken into custody on May 24, 2004. She was seen by an attorney on May 25, 2004 at approximately 4:10 PM. The attorney was familiar with Ms. Molina and thought that she needed medical attention. This was mentioned to the female jailors who had escorted Ms. Molina to and from the interview room where she spoke briefly with the attorney. Ms. May had told the attorney that she took oral medication for diabetes and had not had any since being taken into custody. The attorney thought that Ms. Molina was breathing differently and appeared to be out of breath with slow mentation. Ms. Molina was known to be obese and usually required a wheel chair for mobility. She was also described as being hypertensive and had a thyroid condition and was a smoker. She was seen in the jail using a walker and was unable to sit during the discussion with the attorney. The attorney ended the conversation prematurely with Ms. Molina because he felt she was in need of medical attention. He stated that he was going to ask the court to send Ms. Molina to the hospital the next morning. Ms. Molina was found dead the next day. During the previous night Ms. Molina was noted to be snoring loudly by two other cell mates who did not have any interaction with Ms. Molina while sharing a cell. There was no sign of injury causing the death of Ms. Molina.

An autopsy was performed by the Cook County Medical Examiner Office. Ms. Molina was noted to have a height of 66 1/2 inches and weight of 326 pounds. During the post mortem six tin foil bags within the gastrointestinal tract of Ms. Molina. Old scars were found on her feet and ankles. Then heart was mildly enlarged with a weight of 400 grams and the liver was cirrhotic. Evidence of previous medical surgical intervention consisted of surgical absence of the thyroid gland and internal genitalia. There were no injuries described to the mucosal lining of the gastrointestinal tract. Post mortem toxicology was significant for a morphine level of 72 ng/ml in the blood. Electrolyte studies were performed on the vitreous humor.

The Cook County Medical Examiner opined that the death of Ms. Molina was due to Opiate Intoxication and that the manner of death was Accident.

Page 3.

Opinions:

Assuming that the medical examiner's opinion is correct, more than likely Ms. Molina may have survived if she had received medical attention when her attorney requested that of the jail personnel. The loud snoring heard by the cell mates was consistent with a deepening respiratory failure with poor oxygenation associated with opiate overdoses. This lady died in her sleep because she did not receive medical attention after she was noticed to be doing badly by her attorney who had first hand knowledge of her customary state of health.

Had Ms. Molina received medical attention when her attorney informed the jail staff she would have been able to be interviewed by trained medical staff and receive a full physical examination with an extensive history elicited by physicians and nurses trained to develop a clinical picture of the patient. With Ms. Molina's history and medication record, her vital signs would have been monitored, electrolytes and blood glucose levels monitored. She had history of hypertension and type two diabetes. Fluctuations in her cardiac status could have been detected as well as the discovery of the foil packages in the gastrointestinal system the respiratory difficulty described by the attorney could have been further defined with auscultation and chest x-ray. The condition of Ms. Molina's feet and legs would have been meaningful in developing a differential list of her medical problem and the potential death from narcotic ingestion avoided. The medical professional would have had a high index of suspicion for possible narcotic ingestion upon completion of the physical assessment and interview. She more than likely would have told the medical personnel that she had ingested the foil had she been able to be seen in a hospital or medical clinic. At the very least the worsening respiratory effort more than likely would have led to early detection of the ingested narcotics and provided the opportunity for early intervention with narcotic antagonistic drugs such as Narcan. Narcan is routinely administered to reverse the effects of narcotics on the central nervous system during advanced life saving codes and resuscitation efforts.

In this reviewer's opinion, made to a reasonable degree of medical certainty, intervention at the time of the attorney request more than likely would have saved Ms. Molina's life.

Should new or additional information become available I reserve the right to add to or alter my opinion based upon further production of additional documents or testimony.

My fee for this consultation is $2500.00 excluding any future need for travel arrangements.

I appreciate the opportunity to have consulted in this case. If there are any additional questions please do not hesitate to call upon me at the office number of 317-920-0483 or via Email at JundMFORENSICS@AOL.com.

Page 4.

Sincerely,

Joye M. Carter, MD
Forensic Pathology Consultant