IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ORTIZ, et al. | ) | |
| Plaintiffs, | ) | 04 C 7423 |
| v. | ) | Judge Grady |
| CITY OF CHICAGO, et al. | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO SUPPLEMENT**
**THEIR SUMMARY JUDGMENT RESPONSE**

Plaintiffs, by their counsel, respectfully request leave to file the following supplement to their response to the pending summary judgment motion. In support, they state as follows.

**Introduction**

1. As the Court is aware, Defendants filed a motion for summary judgment on Ms. Molina's deprivation of medical attention claim. Pursuant to the Court's schedule, Plaintiff has already responded, and the motion is presently pending.

2. As was their right, Defendants filed that motion long before the expiration of fact discovery in this case, which has not yet closed.

3. Yesterday, Plaintiffs obtained an affidavit from a witness, Diane Rice, that bears directly on the pending motion. See Exhibit A. Plaintiff urges the Court to consider this new evidence for the following reasons.

**Ms. Rice's Statement**

4. During the Chicago Police Department's OPS investigation of Ms. Molina's death, Diane Rice gave a contemporaneous

OPS statement. See Exhibit A, attached statement. In it, Ms. Rice confirmed that she was in the lock-up facility with Ms. Molina on the date she died. Id.

5. According to Ms. Rice's OPS statement, she heard a woman (later identified as a heavy, short, Hispanic woman with a walker) yelling that she needed to see a doctor. Ms. Rice's recollection of the response was a refusal: "Ma'am, we asked you when you came in if you needed a doctor and you said 'no.'" Id.

6. Ms. Rice's affidavit also refutes, at least in part, Defendants' testimony that they conducted regular cell checks every fifteen minutes. Id.

### Procedural History

7. For the first 18 months this case was pending, the City resisted turning over the OPS file. Finally, in May 2006, the Court granted Plaintiff's motion to compel it. R. 77 & 82.

8. In the two years since the City finally turned over the relevant file, Plaintiffs have been searching for the witnesses identified in the OPS file, one of which is Ms. Rice.[1]

9. Yesterday, after much searching, Ms. Rice was finally located by Plaintiffs' investigator, and she signed an

---

[1] Other witnesses who were located after Defendants finally turned over the OPS file include Ms. Vacarello, who recently confirmed that Ms. Molina was requesting her medication, and Ms. Molina's attorney, Jerry Bischoff, who testified at his deposition that Ms. Molina was showing objective symptoms that were obvious to him as a lay person as the onset of a diabetic coma. Had the City disclosed to Plaintiff's counsel a copy of Mr. Bischoff's statement before Dr. Adelman was forced to give his preliminary opinion (as opposed to after) then Dr. Adelman would not have been forced to proceed with sequential opinions as the evidence trickled to him in an unfair fashion.

affidavit, swearing to the contents of her OPS statement, thus converting it to admissible evidence. See Exhibit A.

10. As stated, fact discovery has not yet closed. Plaintiffs thus request that the Court consider Ms. Rice's affidavit as further evidence in opposition to summary judgment.

11. Specifically, Ms. Rice's affidavit (along with Ms. Vacarello's and Mr. Bischoff's testimony) confirms that Ms. Molina was requesting medical attention as she slowly died, and that Defendants simply refused to provide it. This testimony directly refutes the testimony of the Defendants -- whose summary judgment position is based on their own testimony that Ms. Molina (who is no longer alive to contradict them) was supposedly urging the Defendants not to take her to see a doctor, even as she began dying. Thus, this new evidence, coupled with the other evidence in the record, renders summary judgment unavailable.

WHEREFORE, Plaintiffs respectfully request leave to supplement their response to summary judgment with the affidavit attached hereto as Exhibit A.

RESPECTFULLY SUBMITTED:

/s/ Jon Loevy
_____

Arthur Loevy
Jon Loevy
Mark Reyes
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

3