IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| April Ortiz, as Administrator for the Estate of May Molina, | ) ) ) | |
| Plaintiff | ) | |
| v. | ) ) | No. 04 CV 7423 |
| City of Chicago, | ) ) ) | Judge John F. Grady |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF DEFENDANTS' *MONELL* EXPERT REPORTS BY COURT-ORDERED DEADLINE

Now comes Plaintiff April Ortiz, as Administrator of the Estate of May Molina, through her attorneys, Loevy & Loevy, and hereby moves to compel Defendants to disclose their rebuttal *Monell* expert reports by the deadline previously set by the Court (July 1), or in the alternative, grant a final two-week extension to July 12, 2013 for such disclosure:

### INTRODUCTION

As the Court is aware, the original deadline set by this Court for Defendants to disclose their *Monell* expert reports was April 17, 2013. *See* Dkt. No. 503 (Exhibit A, Scheduling Order entered February 6, 2013). Plaintiff timely complied with that deadline and Defendants did not disclose any expert reports on that date. Instead, Defendants have indicated their intention to disclose only rebuttal expert reports, the deadline for which was originally set as May 31, 2013. *See id.* On May 10, 2013, Defendants moved to extend this deadline to June 28, 2013, *see* Dkt. No. 512 at 6, a

1

request to which Plaintiff did not object, *see* Dkt. No. 514, and which this Court granted, *see* Dkt. No. 515.

In a telephone conference with Plaintiff's counsel, defense counsel have now indicated their intention to seek a second extension to July 31, 2013 (and possibly beyond, as explained below) for the disclosure of their *Monell* rebuttal expert reports. Plaintiff offered to compromise and agree to an extension of an additional two weeks, to July 12, 2013. This would provide Defendants with nearly **90 days** from the date of Plaintiff's expert report disclosures to disclose their responsive reports and allow sufficient time for Plaintiff to disclose any rebuttal reports before the current pretrial order deadline of August 16, 2013. Defendants would not agree to this compromise. Instead, Defendants have proposed that they should not have to disclose their reports until after Defendants depose Plaintiff's experts and depose the remaining two *Monell* fact witnesses disclosed by Plaintiff January 2013 – even though Defendants have made no attempts to depose Plaintiff's experts in the intervening two months and Defendants *have not issued a single deposition subpoena* for the *Monell* fact witnesses.

Defendants' proposal to give themselves over three months to disclose their experts in response to Plaintiff's experts would hinder Plaintiff's ability to produce rebuttal reports (afforded by both Rule 26 and this Court's original scheduling order) and contravene the court's pretrial order deadline. As the Seventh Circuit has observed:

> We live in a world of deadlines . . . . A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases

through a busy district court is aided, not hindered, by adherence to deadlines. . . . In exercising discretion regarding enlargements of time, courts should be mindful that the rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action.

*Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996); *see also Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 538 (7th Cir. 2011). "When parties wait until the last minute to comply with a deadline, they are playing with fire." *Spears*, 74 F.3d at 157.

For the reasons discussed below, Defendants' proposal will only result in further, unwarranted delay and prejudice Plaintiff. Plaintiff respectfully requests that this Court enforce the current deadline of July 1, 2013 for Defendants' disclosure of their rebuttal *Monell* expert reports, or in the alternative, grant a final two-week extension to July 12, 2013.

## ARGUMENT

Plaintiff does not, and has not, opposed reasonable requests for extensions of time in this case. However, for several reasons, Defendants' request is not reasonable and would seriously hamper Plaintiff's ability to prepare for trial. Rule 6(b) allows the district court to grant extensions of time prior to the expiration of a deadline only for "good cause." Fed. R. Civ. P. 6(b); *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 593 (7th Cir. 2012). Defendants cannot show "good cause" here where the supposed need for an extension is a result of Defendants' own dilatory tactics.

First, when Plaintiff disclosed her *Monell* expert reports two months ago, all parties were aware of the Court's scheduling order requiring that the Defendants

3

disclose any rebuttal reports by May 31, 2013. Dkt. No. 503. Nothing in the Court's order (or prior comments at hearings) suggested that the disclosure deadline for Defendants' rebuttal expert reports would be contingent upon the completion of Plaintiff's experts' depositions. The original schedule set by the Court allowed plenty of time – **6 weeks** – for Defendants to depose Plaintiff's experts and disclose their rebuttal reports. Thus, if Defendants wanted to depose Plaintiff's experts before they disclosed their rebuttal reports, they could have noticed or otherwise requested their depositions at some point in the last two months. Indeed, the 30-day extension recently granted by the Court also provided plenty of *additional* time for Defendants to depose Plaintiff's experts before disclosing their rebuttal reports, if that was their intention all along. *See Blue*, 698 F.3d at 594 (finding no abuse of discretion in the district court's denial of an extension where the reason that the requesting party needed an extension was because "he waited until the last minute"); *Castro v. Bd. of Educ. of City of Chicago*, 214 F.3d 932, 935 (7th Cir. 2000) (affirming the district court's determination that the party "knew of the deadlines established by the court but chose to ignore them").

Instead of acting diligently, Defendants have done nothing to take Plaintiff's experts' depositions over the last two months. Defendants did not notice or subpoena Plaintiff's experts' depositions. They did not ask for dates for these depositions to take place. In an attempt to move things along, Plaintiff's counsel asked defense counsel whether they intended to depose Plaintiff's *Monell* experts and offered to schedule their depositions. Exhibit B (E-mail of May 9, 2013 from

4

Wang to Fordyce). This was on May 9, 2013. An entire month passed with no response from Defendants. At the same time, Defendants asked for an extension to July 1 for the disclosure of their rebuttal reports and did not take up Plaintiff's offer to schedule the depositions of Plaintiff's experts. Plaintiff's counsel followed up again on June 11, 2013, asking if Defendants intended to take Plaintiff's *Monell* experts' depositions and discussing potential dates. *See* Exhibit C (E-mail of June 11, 2013 from Wang to Fordyce). Finally, Defendants responded with proposed dates. The parties have agreed to the dates of July 16 and the second week of August for the depositions of Plaintiff's two *Monell* experts.[1]

However, Defendants have now indicated to Plaintiff they do not want to disclose their rebuttal expert reports until after they depose both of Plaintiff's experts, despite the current deadline of July 1 and their complete lack of diligence in scheduling these depositions earlier. In addition, Defendants assert that they should not have to disclose their expert reports until they depose the remaining two *Monell* fact witnesses whose depositions have not yet been taken or scheduled (Patrick Lynch and John Bergman). Lynch is currently incarcerated at Cook County Jail, but the jail will not permit his deposition there until the parties obtain permission from his criminal defense counsel. Plaintiff's counsel has contacted Lynch's counsel to obtain permission but have not yet received a response. Back in

---

[1] Although Plaintiff's expert Dr. Nathaniel Evans was available for his deposition in May and June, Defendants made no attempt to schedule his deposition then. Now, given Dr. Evans' clinical and other obligations, he is only available on July 17 or after the first week of August. Defendants have stated they are not available on July 17. Plaintiff is still willing to present Dr. Evans for his deposition on July 17.

January, Plaintiff's counsel produced a last known address for Bergman to Defendants, but in the intervening six months, Defendants have not issued a single deposition subpoena for him.[2]

It is simply untenable for Defendants to insist on the one hand that they must depose certain people (i.e., *Monell* fact witnesses, Plaintiff's experts) before they can disclose their *Monell* expert rebuttal reports, but on the other hand, take no action whatsoever to schedule these depositions. This delay is entirely of Defendants' own making. There is no reason why Defendants need **three months** to disclose rebuttal expert reports and they have not shown the "good cause" required by Rule 6(b) for this latest extension request. The Seventh Circuit has noted that district courts adhere to "sound policy" in enforcing deadlines: "If the court allows litigants to continually ignore deadlines and seek never ending extensions without consequence, soon the court's scheduling orders would become meaningless." *Spears*, 74 F.3d at 158 (approving district court's observation that the circumstance leading the party to ask for an extension was "a circumstance of [the party's] own making," and noting the "backdrop of dilatory tactics" by that party); *see also Vinning-El v. Sutton*, 2013 WL 561046, at *3 (S.D. Ill. Feb. 14, 2013) ("[A]s numerous courts have found, deadlines have meaning and consequences.").

---

[2] Making the disclosure of Defendants' rebuttal expert reports contingent on the depositions of Bergman and Lynch would also introduce an indefinite delay into the otherwise orderly discovery schedule set by the Court. This delay especially should not be allowed where (1) Lynch's criminal counsel may not allow him to be deposed, especially if Defendants intend to ask him about his pending criminal charge, and (2) Plaintiff's *Monell* experts did not rely on the affidavits of Lynch or Bergman in their reports, and so there is nothing that the Defendants' rebuttal experts could respond to in this regard.

Delaying Defendants' expert disclosures any later than July 12 or so would conflict with the Court's pretrial order deadline of August 16, 2013, *see* Dkt. No. 516, especially since the Federal Rules provide Plaintiff 30 days to disclose a rebuttal expert to Defendants' *Monell* experts. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (Time to Disclose Expert Testimony) ("Absent a stipulation or a court order, the disclosures must be made: . . . if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure."). The Court's original scheduling order afforded both parties the opportunity to disclose rebuttal reports because the initial reports were to be simultaneously disclosed on April 17, 2013. *See* Exhibit A.

Defendants cannot deprive Plaintiff of the opportunity to disclose rebuttal experts (afforded both by Rule 26 and this Court's original scheduling order) by repeatedly delaying their expert disclosures.[3] It is inappropriate to provide last-minute disclosures that deprive a party of the opportunity to disclose rebuttal reports. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005). It is also inappropriate for Defendants to provide last-minute disclosures that hinder or deprive Plaintiff of her opportunity to move to exclude Defendants' experts. *Tribble v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012) ("Without proper

---

[3] Rule 26(a)(2)(D)(i) also provides that, absent court order or stipulation of the parties, expert disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial." 90 days prior to the October 7 trial date is July 7.

disclosures, a party may miss its opportunity to disqualify the expert, [or] retain rebuttal experts . . . .").

A much more orderly and fair way of proceeding with *Monell* expert discovery is to require Defendants to disclose their rebuttal reports by July 1 (or July 12, as Plaintiff has agreed), giving Plaintiff 30 days as allowed under the Rules to disclose their rebuttal reports (if any) by August 1 (or August 12).[4] This schedule would not impact the pretrial order deadline of August 16, 2013, nor would it hamper Plaintiff's ability to disclose rebuttal reports, move to exclude Defendants' experts, or prepare for the October 7, 2013 trial.

\* \* \*

If Defendants intended all along to depose Plaintiff's *Monell* experts and fact witnesses before disclosing their *Monell* rebuttal expert reports, they should have acted to schedule those depositions. They have not done so. Now they want another extension that will prejudice Plaintiff in the myriad ways described above. Plaintiff should not be punished for Defendants' own lack of diligence, especially where Plaintiff has complied with the deadlines set by the Court.

WHEREFORE, Plaintiff respectfully requests that this Court retain the current deadline of July 1, 2013 for Defendants to disclose their *Monell* rebuttal expert reports, or in the alternative, grant a final two-week extension to July 12, 2013 for such disclosure.

---

[4] Plaintiff would also depose Defendants' rebuttal experts within 30 days of the defense report disclosure.

8

        Respectfully submitted,

        /s/ Elizabeth Wang
        One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Elizabeth Wang
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
(312) 243-5900