IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| APRIL ORTIZ, on her own behalf and as Administrator for THE ESTATE OF MAY MOLINA, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, et al., <br><br> Defendants. | Case No. 04 C 7423 <br><br> Hon. John F. Grady <br> United States District Court Judge <br><br> Hon. Arlander Keys <br> United States Magistrate Judge |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF DEFENDANTS' *MONELL* REBUTTAL EXPERTS**

Now come Defendants, by and through their counsel of record, and hereby submit the following response to Plaintiff April Ortiz's ("Ortiz") Motion to Compel Disclosure of Defendants' *Monell* Expert Reports by Court-Ordered Deadline ("Motion") as follows[1]:

Ortiz makes several erroneous assumptions in her Motion and omits key facts about the compromise that Defendants attempted to reach with Ortiz relating to their disclosure of rebuttal experts prior to Ortiz filing her Motion.

As Defendants advised the Court on May 15, 2013, Defendants have had much difficulty deposing the seven *Monell* fact witnesses that Ortiz identified on January 25, 2013. Since the parties last appeared before the Court on May 15, 2013, defense counsel

---

[1] Ortiz failed to comply with Northern District of Illinois Local Rule 37.2 by including a statement in her Motion "(1) that after consultation in person or by telephone and in good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's." Ortiz also failed to "recite, in addition, the date, time and place of such conference, the names of all parties participating therein." Ortiz's omission is grounds to strike her Motion. *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am, L.L.C.,* No. 03 C 760, 2004 WL 3021842, *4 (N.D. Ill. Dec. 30, 2004) (denying motion to compel because, in part, moving party failed to comply with Local Rule 37.2).

1

has traveled several hundred miles throughout the state of Illinois to depose four out of the seven *Monell* fact witnesses identified by Ortiz. A fifth deposition is scheduled for Friday June 28, 2013. A sixth witness, Patrick Lynch, is presently incarcerated in Cook County Jail, and both parties have made efforts to reach out to Mr. Lynch's attorney in order to obtain the necessary permission to depose Mr. Lynch in jail.[2] Neither party has been able to locate the last *Monell* fact witness, John Bergman, despite Defendants' efforts to serve him with subpoenas at the address provided by Ortiz. (*See e.g.* Ex. 1, Unclaimed Subpoena Served Via Certified Mail on March 28, 2013.) These witnesses' testimony is critical to Defendants' rebuttal witnesses' analyses, and they should not be required to disclose their opinions without the benefit of all of the relevant data that Ortiz intends to use to support her *Monell* claim.

Ortiz's accusations regarding defense counsel's alleged lack of diligence are, at best, blown out of proportion and, at worst, misleading. Plaintiff's counsel first approached defense counsel about scheduling *Monell* expert depositions by e-mail on May 9, 2013. Plaintiff's counsel asked that the depositions be scheduled prior to July 24, 2013. (Ex. 2, June 13, 2013 e-mail chain between Elizabeth Wang ("Wang") and Fordyce. However, as this Court is well aware, Defendants had not yet retained rebuttal experts and therefore were not able to properly prepare to take Ortiz's *Monell* experts' depositions without the benefit of the input of their own rebuttal experts. Defendants made the Court and Plaintiff's counsel aware of the difficulty they were having at the hearing on May 15, 2013.

---

[2] In an effort to timely get these depositions done, attorney Tiffany Fordyce ("Fordyce") went to Cook County Jail on a day that Anthony Martin's cases was on call to personally obtain the necessary permission to depose Mr. Martin from his attorney. Her successful efforts should belie any suggestion that defense counsel is dragging their feet.

Plaintiff's counsel raised the issue of scheduling the depositions again on June 11, 2013, demanding that Defendants propose dates before July 20 (shortening their previous timeframe by four days), while excluding the last week in June, July 1-5 and July 10-12. (*Id.*) With this restrictive schedule in mind, Defendants proposed deposing Ortiz's *Monell* experts on July 16, 18 or 19. (*Id.*) Ortiz responded by saying that the only weekday that one of her experts, Dr. Nathaniel Evans, was available was July 17. (*Id.*) This unreasonable restriction had not previously been communicated to Defendants, and resulted in Defendants being presented with only one available day to depose Dr. Evans on a take-it-or-leave-it basis. Defendants were not available on July 17, 2013, or they would have proposed that date along with the three others they offered to Ortiz within her scheduling parameters.

In addition to proposing several dates within Ortiz's timeframe, Defendants requested a stipulation to adjust the disclosure schedule so as to allow us to depose Ortiz's experts prior to Defendants' disclosure, while still maintaining the trial date and hearing for Defendants to present their argument for filing a motion for summary judgment. (*Id.*) Defendants proposed that Defendants take Ortiz's *Monell* expert depositions on July 16, 18 or 19. Thereafter, Defendants would disclose their experts by July 31. (*Id.*) The rebuttal *Monell* experts would be deposed by August 16, after which expert discovery would have concluded two months before the trial date, giving both parties more than sufficient time to file any necessary pre-trial motions. Plaintiff's counsel refused, concluding that Defendants' rebuttal experts did not need to review the deposition transcripts of the very experts they were retained to challenge. (Ex. 3, June 17, 2013 Correspondence from Fordyce to Wang.)

3

Clearly, Ortiz's *Monell* experts' reports and their deposition testimony are all essential pieces of information that Defendants' rebuttal experts will need to challenge their testimony. Ortiz's unfounded accusations that Defendants were dilatory in their efforts to advance *Monell* discovery is just plain wrong. Defendants have served multiple subpoenas on the *Monell* fact witnesses, taken several depositions throughout the state in a short period of time, and have reached out to and interviewed numerous potential experts prior to selecting their rebuttal experts. Prior to Ortiz's *Monell* expert witness disclosures, this case (as supported by this record) merely challenged Defendant City of Chicago's policy prohibiting the dispensing of medication in lockups. Now, Ortiz has introduced a far more expansive and complex theory of liability that was never heretofore been plead in any of Ortiz's six complaints, or even contemplated, including allegations that a medical professional should be permanently staffed in each lock up facility and that it is unconstitutional for lockup keepers not to be certified in CPR. The amount of research required to rebut Ortiz's *Monell* experts has grown exponentially with the scope of her new claims, something that Defendants could not have anticipated when they first agreed to the Discovery Schedule entered by the Court on February 6, 2013. Far from lacking diligence, Defendants and their counsel have made every reasonable effort necessary to keep up with Ortiz's ever changing theories of liability.[3]

Another issue that Defendants ask this Court to address is Ortiz's decision to retain more experts to rebut Defendants' rebuttal *Monell* experts. To date, Ortiz has disclosed six retained expert witnesses. Defendants have disclosed three retained experts,

---

[3] Defendants anticipate identifying a non-retained expert from the Chicago Police Department pursuant to Rule 26(a)(2)(C) as a rebuttal expert. Defendants anticipate that he will assist with providing underlying data to Defendants' retained experts necessary for them to conclude their opinions. However, this individual has been out on furlough bereavement leave for several weeks, and is not scheduled to return to work until July 2.

4

and anticipate disclosing an additional two, meaning that there are potentially 11 retained experts in this case. Allowing Ortiz to name another round of experts to rebut Defendants' rebuttal experts will not add anything of value to this case, nor will such testimony help clarify the issues for the jury. Since the Court's February 6, 2013 Scheduling Order does not contemplate Ortiz naming yet another round of experts in rebuttal to Defendants' rebuttal experts, Ortiz relies on Rule[4] 26(a)(2)(D)(ii), which she claims permits her, as a matter of law, to rebut Defendants' *Monell* rebuttal experts. (Ex. 3, June 17, 2013 Correspondence from Fordyce to Wang). Ortiz's reliance on Rule 26(a)(2)(D)(ii) is misplaced for at least two reasons. First, the Rule only applies "[a]bsent a stipulation or a court order." Here, this Court has entered an Order expressly addressing the disclosures of rebuttal experts that does not include a third round of expert witness disclosures on Ortiz's *Monell* claims. Because there is a Court order detailing the expert discovery schedule that includes the disclosure of rebuttal expert witnesses, Rule 26(a)(2)(D)(ii) does not apply. *See Smetzer v. Newton,* No. 1:10-CV-93, 2012 WL 2064507, *1 (N.D. Ind. June 7, 2012) (Rule 26(a)(2)(D)(ii) only applies where neither the Court nor the parties set a deadline for expert rebuttal reports). A second reason that Ortiz may not rely on Rule 26(a)(2)(D)(ii) is because it only applies to experts who are being disclosed to "rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." As Ortiz correctly pointed out in her Motion, Defendants did not identify any *Monell* experts under Rule 26(a)(2)(B) or (C), and instead only intends to identify rebuttal experts pursuant to this Court's Scheduling Order. Taking Ortiz's interpretation of Rule 26(a)(2)(D)(ii) to its logical conclusion, each party would be permitted to serve an expert witness rebuttal disclosure to the opposing party every 30

---

[4] All references in this Motion to a "Rule" shall refer to the Federal Rules of Civil Procedure.

days with no end in sight, even if a Court order limited the parties to disclosing only one set of rebuttal experts. Defendants do not believe this is what the Court intended to communicate in its February 6, 2013 Scheduling Order, and respectfully requests that it clarify the Scheduling Order by prohibiting Ortiz from naming another set of experts to rebut Defendants' *Monell* rebuttal experts.

WHEREFORE, Defendants respectfully request that this Court deny Ortiz's Motion, enter an appropriate order allowing Defendants to disclose their *Monell* rebuttal experts 14 days after taking the depositions of Ortiz's *Monell* experts, prohibit Ortiz from identifying rebuttal experts to rebut Defendants' *Monell* rebuttal experts, and grant any further relief that this Court deems just and proper.

Dated: June 24, 2013        Respectfully submitted,

By: /s/ *Tiffany S. Fordyce*

John F. Gibbons (Attorney No. 6190493)
Tiffany S. Fordyce (Attorney No. 235063)
Tanisha R. Reed (Attorney No. 6283173)
*Special Assistant Corporation Counsel*
*to the City of Chicago, Dept. of Law*
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435

## CERTIFICATE OF SERVICE

  I, Tiffany S. Fordyce, an attorney, hereby certify that I caused a copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF DEFENDANTS' MONELL REBUTTAL EXPERTS** to be served by electronic transmission via ECF to the attorneys of record on June 24, 2013.


                     /s/ *Tiffany S. Fordyce*
                      Tiffany S. Fordyce