**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| APRIL ORTIZ, as Administrator for THE ESTATE OF MAY MOLINA, | ) ) ) | |
| Plaintiff, | ) | Case No. 04 C 7423 |
| v. | ) ) | Hon. John F. Grady |
| CITY OF CHICAGO, et al., | ) ) | United States District Court Judge |
| Defendants. | ) ) ) | Hon. Arlander Keys United States Magistrate Judge |

**DEFENDANT CITY OF CHICAGO'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND ALL DEFENDANTS' MOTION FOR A NEW TRIAL**

Defendants Avis Jamison, Martha Gomez, Maja Ramirez, Debra Holmes, Diane Yost, Beverly Gilchrist, Arthurine Pryor, William Wallace, and the City of Chicago (collectively "Defendants"), by their undersigned attorneys and pursuant to Federal Rules of Civil Procedure 50(b) and 59(a), hereby move the Court to grant the City of Chicago's ("City") renewed Motion for Judgment as a Matter of Law and all Defendants' Motion for a New Trial on all remaining claims:

1. Defendants respectfully submit that the Court committed reversible error that prejudiced Defendants ability to get a fair trial in several respects. For the reasons set forth below, and as detailed more fully on Defendants' Memorandum of Law filed concurrently herewith ("Memo of Law"), Defendants request that the Court grant their Motion, enter a verdict in favor of the City on Plaintiff Salvador Ortiz's ("Ortiz" or "Plaintiff") *Monell* claim, and grant the Defendants a new trial on the remaining claims specific to the death in lockup of May Molina ("Molina").

1

2. The City of Chicago renews its Motion for Judgment as a Matter of Law on the ground that Ortiz failed to meet its burden of proof on the following elements necessary to prevail on a *Monell* claim: (1) there was a widespread practice of denying medication or medical attention to detainees in Chicago Police Department lockups; (2) the City's policies and practices posed a substantial risk of denying medical attention to arrestees in lockup; (3) the Superintendent had knowledge of any deficiencies in the City's provision of medical attention to detainees in lockup, including that that the City's practices created a substantial risk of harm; and (4) there is a constitutional requirement to have a medically trained person in police lockup.

3. As detailed more fully in Defendants' Memo of Law, Ortiz failed to make the necessary showing of "widespread enduring practices that violate constitutional rights in a systematic manner" because Ortiz only established harm to a single individual—May Molina ("Molina") *Cornfield by Lewis v. Consolidated High Sch. Dist. No. 203,* 991 F.2d 1316, 1326 (7th Cir. 1993). Similarly, Ortiz provided no evidence of a substantial risk of harm to detainees since there was no proof that any detainees in the relevant four year period, except Molina, required medication or medical attention while in lockup. Accordingly, Ortiz did not prove up the series of bad acts necessary to establish *Monell* liability. *See Wells v. City of Chicago,* Case No. 09 C 1198, 2012 WL 116040, *17 (N.D. Ill. Jan. 16, 2012). Moreover, Ortiz did not provide a shred of evidence that the Superintendent of the Chicago Police Department had actual knowledge of any constitutional violation, much less a widespread practice of such violations. *Palmer v. Marion Cty.,* 327 F.3d 588, 596 (7th Cir. 2003).

4. Separate and independent grounds exist to grant Defendants a new trial because of several erroneous rulings from the Court that were prejudicial to Defendants, resulting in their inability to receive a fair trial.

5. First, the Order excluding the Illinois Medical Examiner, Dr. Eupil Choi, from testifying about cause of death was erroneous. For the reasons detailed more fully in Defendants' Memorandum of Law, Choi had sufficient information to reach his conclusion, and his determination as to cause of death fully comported with Federal Rule of Evidence 702, as well as *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 594-95 (1993) and its progeny.

6. Moreover, the Court made several erroneous rulings with respect to the jury instructions, including eliminating the element that Ortiz was required to prove a widespread constitutional violation. *Calhoun c. Ramsey,* 408 F.3d 375, 379-80 (7th Cir. 2005). In addition, the Court's instruction with respect to deliberate indifference was erroneous, and lowered the bar for what Ortiz was required to prove. The Court further lowered the bar for Ortiz's burden of proof when it instructed the jury that to establish liability, Ortiz only had to prove that the final policymaker "allowed" a practice to continue, rather than the correct heightened standard that the policymaker acquiesced to a particular practice or turned a blind eye toward it. *Lanigan v. Village of East Hazel Crest,* 110 F.3d 467, 477 (7th Cir. 1997). Furthermore, the Court gave an improper definition of the term "medical need" as it is used in a Section 1983 claim by not instructing the jury that the need must be "serious," thereby lowering the bar even further for Ortiz's burden of proof. *See Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008) (only serious injuries or signs of serious injuries amount to a constitutional violation). Additionally, Ortiz was permitted to specify what the alleged *Monell* violation was toward the end of the trial, causing Defendants to shoot in the dark as to its defense during the preceding weeks, and permitting Ortiz to morph his *Monell* claim continuously depending on how the jury and Court reacted to certain arguments. Ortiz's submission of a late proposed jury instruction defining the scope of the alleged *Monell* violation was improper and prejudiced Defendants.

*Error! Unknown document property name.*

7.     The Court also abused its discretion in response to several jury notes tendered during deliberations.  As set forth more fully in Defendants' Memorandum of Law, the Court's responses misstated the law, and unduly highlighted certain elements that were more helpful to Ortiz's theory of the case, while minimizing other elements that Ortiz was required to prove, often related to those defenses about which Defendants had provided ample evidence.  The response to the jury notes were prejudicial to Defendants and warrant a new trial.  *United States v. Harris,* 388 F.2d 373, 377 (7th Cir. 1977) (reversing and remaining as a result of additional instructions given to jury in response to jury notes).

8.     In addition, the Court gave a Statement of the Case to the venire that contained some specific information that was inaccurate, and generally contained a biased summary of the facts and burden of proof such that Defendants were denied a fair and impartial jury from the start.

9.     The Court also erred by allowing Plaintiff's police practice's expert, Michael Brasfield ("Brasfield") to testify about both the number of arrestees who should have been transported to a hospital for medical attention based on information contained in the Arrest Reports, as well as statistics regarding time in lockup.  The data upon which Brasfield relied was provided to him by Plaintiff's counsel, and not the type of information upon which experts in the field reasonably rely.  Defendants had sought to bar such testimony before trial started, but the Court denied their Motion.  (Ex. 5: Oct. 7, 2013 Tr., p. 144.)  It was only after Brasfield testified extensively about these topics that the Court excluded the testimony, but refused to give a curative instruction regarding Brasfield's opinions pertaining to time in lockup.  Brasfield's opinions were improper and should have been excluded.  *Loeffel Steel Prods., Inc. v. Delta*

4

*Brands, Inc.,* 387 F.Supp.2d 794, 817 (N.D. Ill. 2005) (excluding purported expert witness testimony where opinions were derived from information provided by defense counsel).

10. The Brasfield problem was exacerbated by Plaintiff's attorney Sean Goodwin ("Goodwin") who was permitted to testify extensively about statistical analyses that he performed and that Defendants' statistician, Judy Roberts, ("Roberts") approved without any foundation. First, Goodwin is not a statistician, he is a patent attorney, and he possesses no expertise that would allow him to offer the testimony that he proffered. Second, Roberts did not condone Plaintiff's figures or their methodology to reach a number for how many people should have been transported to the hospital based only on limited information contained in the Arrest Reports, and Goodwin had no basis to testify otherwise. Third, Goodwin was permitted to testify about the very statistical figure that the Court previously barred Brasfield from discussing since it was clear that the Arrest Reports did not reflect all of the information required to ascertain who "needed" to see a doctor or receive medication, but rather only recorded the fact that a medical condition existed. Goodwin's testimony was improper, highly prejudicial, and should have been excluded.

11. The Court also erred by excluding third-party witness Jasmine Vaccarello's ("Vaccarello") prior drug use and a limited, relevant amount of her arrest history notwithstanding that the Seventh Circuit has held that such information is probative to a witness' credibility and ability to recall events. *See e.g. United States v. Romadine,* 289 Fed.Appx. 120, 128 (7th Cir. 2008) (drug use is "fodder for impeachment" if "there is serious reason to believe that drugs 'had seriously impaired his memory or had prevented him from understanding the events about which he testified when they took place.'" Vaccarello's testimony that Molina cried out for help

*Error! Unknown document property name.*

and the guards ignored her was highly detrimental and should have been placed in its proper context.

12. Vaccarello and another witness, Diane Rice, ("Rice") were permitted to testify regarding hearsay statements about which no hearsay exception applied. Admitting this testimony constituted reversible error and should result in a new trial.

13. The Court's order to *sup sponte* order Defendants to produce documents Ortiz used to attack the credibility of Defendants' experts—documents that Ortiz himself never requested—also was erroneous and justified granting Defendants a new trial. *Kedzior v. Talman Home Fed. Sav. & Loan Ass'n of Ill.,* No. 89 C 4188, 1990 WL 70855, *3 (N.D. Ill. May 10, 1990) ("it is entirely inappropriate for this court to compel production of documents plaintiff has never formally requested").

14. The Court erred by disregarding the Rule of Completeness and allowing the jury to receive a cherry-picked portion of Robert's expert witness report without admitting those portions of the report that explained the excerpt and put it in its proper context. FED. R. EVID. 106. This decision prejudiced Defendants by giving the jury the false impression that Roberts agreed with a statistical analysis performed by Plaintiff's medical expert, Nathaniel Evans, when in fact she criticized it and determined it had no statistical relevance.

15. For these reasons, and as detailed more fully in Defendants' Memorandum of Law Filed Concurrently herewith, Defendants respectfully request that this Court grant its Motion, issue a verdict in favor of the City on Plaintiff's *Monell* claim, and grant Defendants a new trial on all remaining claims.

WHEREFORE, for the reasons set forth above, Defendants respectfully move this Court to grant this Motion in its entirety, and for all other relief that this Court deems just and proper.

*Error! Unknown document property name.*

Dated: December 3, 2013

                                                Respectfully submitted,

                                                */s/ Tiffany S. Fordyce*
                                                One of the Defendants' Attorneys

John F. Gibbons (Attorney No. 6190493)
Tiffany S. Fordyce (Attorney No. 235063)
Tanisha R. Reed (Attorney No. 6283173)
*Special Assistant Corporation Counsel*
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
T:  (312) 456-8400
F:  (312) 456-8435
gibbonsj@gtlaw.com
reedt@gtlaw.com
fordycet@gtlaw.com

*Error! Unknown document property name.*

CERTIFICATE OF SERVICE

      I, Tiffany S. Fordyce, an attorney, hereby certify that, on December 3, 2013, I served the foregoing <u>Defendants' Motion for Judgment as a Matter of Law and Motion for a New Trial</u> on all counsel of record via ecf electronic service.

                                                                     */s/ Tiffany S. Fordyce*
                                                                     One of Defendants' Attorneys